Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Shahin Rezvani, SBN 199614
srezvani@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989
*Attorney for Plaintiff, Flor Jimenez*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>R INN NAPA INC, a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.: 3:22-cv-07790-VC<br><br>*Honorable Vince Chhabria*<br><br>**PLAINTIFF FLOR JIMENEZ'S OPPOSITION TO DEFENDANT R INN NAPA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Declarations of Kannan Arumugam and Shahin Rezvani, and Opposition to Request for Judicial Notice filed concurrently under separate cover]<br><br>Date:          August 10, 2023<br>Time:         10:00 a.m.<br>Courtroom: 4, 17th Floor<br><br>FAC Filed: June 14, 2023<br>Trial date:   Not Set |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  RELEVANT FACTS .......................................................................................... 2

III. ARGUMENT ....................................................................................................... 3

    A.  Ms. Jimenez Has Stated a Valid ADA Claim ............................................. 3

        1.  That Defendant Provided Alternative Reservation Methods is Immaterial ......... 4

        2.  Whether the Webpage is Hosted by a Third-Party is Immaterial ....................... 5

        3.  Ms. Jimenez Clearly Alleges When She Intended to Stay at Defendant's Hotel 6

    B.  Ms. Jimenez Has Adequately Pled Article III Standing .............................. 6

        4.  Defendant's Factual Attack is Procedurally Improper and Fails as a Matter of Law ........ 6

        5.  Ms. Jimenez Has Pled a Concrete and Particularized Injury ............................ 8

        6.  Ms. Jimenez Has Pled Her Intent to Return ....................................................... 9

        7.  Ms. Jimenez Has Pled Deterrence ................................................................... 10

        8.  Ms. Jimenez Has Pled a Real and Immediate Threat of Future Injury ............. 11

    C.  This Court Should Exercise Supplemental Jurisdiction Over the Unruh Act Claim .. 12

IV.  CONCLUSION ................................................................................................. 13

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# **TABLE OF AUTHORITIES**

**CASES**

*Arroyo v. Rosas*,
   19 F.4th 1202 (9th Cir. 2021)................................................................................................13

*Baughman v. Walt Disney World Co.*,
   685 F.3d 1131, 1135 (9th Cir. 2012)........................................................................................4

*Cervantes v. 546 Holding Co.,* LLC,
   No. 222CV00980JAMKJN, 2023 WL 2354752 at *2 (E.D. Cal., Mar. 2, 2023) ....................11

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   632 F.3d 939, 947 (9th Cir. 2011)...........................................................................2, 9, 10, 11

*City of Chicago v. Int'l Coll. of Surgeons*,
   522 U.S. 156, 173 (1997).......................................................................................................12

*City of Mesquite v. Aladdin's Castle, Inc.*,
   455 U.S. 283, 289 (1982).....................................................................................................1, 8

*Civil Rights Educ. and Enf't Ctr v. Hospitality Prop. Trust*,
   867 F.3d 1093, 1099 (9th Cir. 2017)............................................................................2, 10, 11

*Cota v. Ben Bridge-Jeweler, Inc.*,
   No. 20CV1496-LAB (RBB), 2020 WL 8483993 (S.D. Cal., Dec. 18, 2020) ..........................6

*D'Lil v. Best Western Encina Lodge & Suites*,
   538 F.3d 1031, 1037 (9th Cir. 2008)......................................................................................10

*Doran v. 7-Eleven, Inc.*,
   524 F.3d 1034, 1042 n.5 (9th Cir. 2008) .................................................................................9

*Downing v. SBE/Katsuya USA, LLC,*
    No. 221CV06058ODWKKX, 2022 WL 1016665 at *3 (C.D. Cal., Apr. 5, 2022) ...................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC) Inc.*,
   528 U.S. 167, 190 (200)...........................................................................................................8

*Gastelum v. Pavarti Hospitality Inc.*,
   No. 21-CV-06235-BLF, 2022 WL 2812176 at *4 (N.D. Cal., July 18, 2022) ..........................7

*Gastelum v. TJX Companies, Inc.*,
   No. 21-CV-06714-VKD, 2023 WL 411345 at *8 (N.D. Cal. Jan. 25, 2023) ........................... 10

*Gorecki v. Dave & Buster's, Inc.*,
   No. CV171138PSGAGRX, 2017 WL 6371367 at *5 (C.D. Cal. 10, 2017) ............................. 4

*Jimenez v. Doryman's Inn, Inc*,
   No. 822CV01541DOCADS, 2023 WL 4291448 at *6 (C.D. Cal., Mar. 29, 2023) ................. 12

*Johnson v. Garlic Farm Truck Ctr.*,
   No. 20-CV-03871-BLF, 2021 WL 2457154 at *1-2 (N.D. Cal., June 16, 2021) ..................... 11

*Johnson v. SSR Grp., Inc.*,
   No. 15-cv-5094-MEJ, 2016 WL 3669994, at *4 (N.D. Cal. July 11, 2016) ............................ 8

*Kong v. Khouraki*,
   No. SACV1801832AGJDEX, 2019 WL 3220022 at *2 (C.D. Cal. 2019) .......................... 2, 10

*Lentini v. California Ctr. for the Arts, Escondido*,
   370 F.3d 837, 847 (9th Cir. 2004) .................................................................................. 12

*Love v. Handlery Hotels, Inc.*,
   No. 21-CV-00850-TSH, 2021 WL 2531090 at *1 (N.D. Cal., June 21, 2021) ....................... 5

*Love v. Marriot Hotel Services, Inc.*,
   40 F.4th 1043, 1049 (9th Cir. 2022) ................................................................................ 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 560–61 (1992) ....................................................................................... 9, 10

*Molski v. Kahn Winery*,
   405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005) ................................................................... 10

*Molski v. M.J. Cable, Inc.*,
   481 F.3d 724, 730 (citing 42 U.S.C. §12182(a)-(b).) ........................................................ 3

*Moore v. Dollar Tree Stores, Inc.*,
   85 F.Supp.3d 1176, 1994 (E.D. Cal. 2015) ..................................................................... 13

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962, 969 (9th Cir. 2009) .................................................................................. 8

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Nat'l Fed'n of the Blind v. Target Corp.*,
    582 F.Supp.2d 1185, 1193 (N.D. Cal. 2007) ................................................................. 8, 11

*Patterson v. Six Flags Theme Parks, Inc.*,
    No. 2:21-CV-02398-KJM-AC, 2023 WL 121881 at *6 (E.D. Cal. Jan 6. 2023) ...................... 13

*Pickern v. Holiday Foods*,
    293 F.3d 1133 (9th Cir. 2002) ................................................................................. 9, 11

*Roberts v. Corrothers*,
    812 F.2d 1173, 1177 (9th Cir. 1987) ........................................................................ 7, 8

*Robles v. Domino's Pizza*,
    LLC, 913 F.3d 898, 905 (9th Cir. 2019) ......................................................................... 3

*Rosales v. United States*,
    824 F.2d 799, 803 (9th Cir. 1987) ............................................................................ 6, 7

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035, 1039 (9th Cir. 2004) ........................................................................ 1, 7

*Summers v. Earth Island Institute*,
    555 U.S. 488 (2009) ................................................................................................... 10

*Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*,
    711 F.2d 138, 139 (9th Cir. 1983) ............................................................................ 6, 7

*Suzuki Motor Corp. v. Consumers Union of United States, Inc.*,
    330 F.3d 1110, 1131–32 (9th Cir. 2003) ........................................................................ 7

*Trafficante v. Metro. Life Ins. Co.*,
    409 U.S. 205, 209 (1972) ........................................................................................... 10

*Wolfe v. Strankman*,
    392 F.3d 358, 362 (9th Cir. 2004) ................................................................................. 6

**STATUTES**

42 U.S.C. § 12182(a) ........................................................................................................ 7

Cal. Civ. Code § 51(f) ..................................................................................................... 12

**REGULATIONS**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

28 Code Fed. Reg. § Part 36. ........................................................................................1, 5

Nondiscrimination on the Basis of Disability, 75 Fed. Reg.  43460-01, 43466 (July 26, 2010).....4

## I. INTRODUCTION

Defendant's Motion to Dismiss serves only to confirm that Plaintiff Jimenez's ("Ms. Jimenez") First Amended Complaint ("FAC") is meritorious and well pleaded. Plaintiff Jimenez's allegations that she was unable to book a hotel room through Defendant R Inn Napa Inc.'s website https://www.rinnnapa.com/ (the "Website") because it was not compatible with screen-reading software—and thus inaccessible by visually impaired and legally blind persons—are more than sufficient to state a claim under the ADA and establish standing.

*First*, Defendant, through the declaration of its website accessibility expert Craig Davis, argues that Ms. Jimenez's claims should be dismissed because the accessibility barriers detailed in the FAC do not presently exist. In response, Ms. Jimenez has submitted, with this Opposition, a declaration by her own website accessibility expert, who has tested Defendant's website and found that the accessibility barriers she encountered are still very much extant. *See* Declaration of Kannan Arumugam ("Arumugam Decl.") ¶¶3-5. As Defendant's factual attack requires the resolution of a genuinely disputed material fact—whether the website remains inaccessible—it cannot be considered by this Court at this time. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Even if this were not the case, Defendant entirely fails to shoulder its burden of showing that the accessibility barriers alleged in the FAC will not reappear. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.")

*Second*, Defendant claims that Ms. Jimenez has not stated a claim under the ADA because Defendant offered an alternative reservation method by telephone. Defendant's telephone reservation system does not provide an equal degree of access as its website does, however, as required under 75 FR 43460-01. The system is thus not compliant with the ADA. Likewise, Defendant's contention that it is free from liability because it allegedly relinquished control and operation of its reservation webpage to a third party, ResNexus, runs directly counter to its obligations to "make reasonable efforts to make [its] accessible rooms available" under 28 Code Fed. Reg. § Part 36.

PLAINTIFF FLOR JIMENEZ'S OPPOSITION TO DEFENDANT R INN NAPA, INC.'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Third*, Defendant claims that Ms. Jimenez has not established Article III Standing by failing to (1) plead an injury-in-fact, (2) failing to plead an intent to return, (3) failing to plead deterrence, and (4) failing to plead a real and immediate threat of injury. Each of these arguments fail. As to (1), by alleging that she has become aware of an accessibility issue on Defendant's Website which prevents her from fully using Defendant's website, Ms. Jimenez has "already suffered an injury in fact traceable to the defendants conduct." *Chapman v. Pier 1 Imports (U.S.) Inc*., 632 F.3d 939, 947 (9th Cir. 2011). As to (2), Ms. Jimenez has expressly pled that she wishes to stay at Defendant's hotel specifically for its location, interior design, amenities. and price; she considers it a "must stay location in Napa." FAC ¶¶24, 41. These allegations are more than sufficient to show an intent to return. *Kong v. Khouraki*, No. SACV1801832AGJDEX, 2019 WL 3220022 at *2 (C.D. Cal. 2019). As to (3), Ms. Jimenez has pled actual knowledge of accessibility barriers that prevented her from using Defendant's Website, which has long been held as sufficient to show deterrence. *Civil Rights Educ. and Enf't Ctr v. Hospitality Prop. Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017). Finally, as to (4), Ms. Jimenez continues to be deterred from using Defendant's Website, and thus continues to be harmed. *Id.* ("So long as the discriminatory conditions continue, and so long as plaintiff is aware of them and remains deterred, the injury under the ADA continues.") Ms. Jimenez's FAC is meritorious and well-pled, and Defendant's Motion should be denied in full.

## II.   RELEVANT FACTS

Ms. Jimenez is a visually impaired and legally blind person who requires the use of screen-reading software such as Job Access with Speech (JAWS) to access websites and their content. FAC ¶1. JAWS allows visually impaired and legally blind persons to listen to a website's content through keyboard input. For screen-reading software such as JAWS to function, the desired website's content must be capable of being rendered into text. *Id.* ¶17. In other words, if a website's content cannot be rendered into text, a blind or visually impaired person cannot access that website to the same extent as a sighted person. *Id.*

On or around October 24, 2022, and again on November 10, 2022, Ms. Jimenez used JAWS to visit the Website. *Id.* ¶¶25, 31. On both occasions, Ms. Jimenez encountered multiple access

barriers which denied her full and equal access to the facilities, goods, and services offered to the public by Defendant's website. *Id.* ¶31. Ms. Jimenez was unable to complete her booking of her desired hotel room because Defendant's Website was not properly coded to allow her to select the month of her desired stay through JAWS. *Id.*

Further accessibility testing conducted by Ms. Jimenez's website accessibility expert reveals that the aforementioned calendar issue—along with a plethora of other accessibility issues—remain extant on the Website to this day. Arumugam Decl. ¶¶4-5. These issues continue to create serious accessibility barriers for individuals such as Ms. Jimenez who rely on screen-readers to access and use the internet. *Id.* ¶6.

Because Defendant's Website was accessible through screen-reading software, Ms. Jimenez was denied the ability to access Defendant's Website and make a hotel reservation, a service which Defendant provides in conjunction with a place of public accommodation. *Id.* FAC ¶36. As a result, Ms. Jimenez has been and continues to be deterred from accessing Defendant's Website—and Defendant's hotel—despite her continued desire to stay there. *Id.* ¶37.

### III. ARGUMENT

#### A. **Ms. Jimenez Has Stated a Valid ADA Claim**

To state a valid ADA claim, a plaintiff must plead that (1) they have a disability that falls under the ADA; (2) the defendant is a private entity that owns, operates, or leases a place of public accommodation; and (3) the plaintiff has denied access to a place of public accommodation due to their disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (citing 42 U.S.C. §12182(a)-(b).) Here, Defendant contests only the third element.

Defendant itself acknowledges that a plaintiff states a valid ADA claim where they allege that the inaccessibility of the Website "impedes access to the goods and services of the physical location." (Mot. at 5; *see also Robles v. Domino's Pizza*, LLC, 913 F.3d 898, 905 (9th Cir. 2019). That is precisely what Ms. Jimenez has alleged here. *See, e.g.*, FAC ¶¶10, 38-39 (alleging that "the access barriers Plaintiff has encountered on Defendant's Website impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar location."). Despite this,

Defendant contends that Ms. Jimenez fails to state a claim under the ADA for three reasons, all of which fail.

### 1. *That Defendant Provided Alternative Reservation Methods is Immaterial*

Defendant contends that Ms. Jimenez fails to state a claim under the ADA because it provided "accessible alternatives, including a telephone reservation system and an email address to contact Defendant's physical hotel" which Ms. Jimenez could have used for booking. Mot. at 6. Defendant further contends that these alternatives are "expressly recognized by the DOJ." *Id.* This is simply incorrect. On this topic, the Department of Justice has stated that:

> "[i]n order for an entity to meet its legal obligation under the ADA, an entity's alternative must provide an *equal degree of access in terms of hours of operations and range of information, options and services available*. For example, a department store that has an inaccessible Web site that allows customers to access their credit accounts 24 hours a day, 7 days a week in order to review their statements and make payments would need to provide access to the same information and provide the same payment options in its accessible alternative."

Nondiscrimination on the Basis of Disability, 75 Fed. Reg. 43460-01, 43466 (July 26, 2010) (emphasis added). Here, Defendant's Website indicates that its telephone reservation system is available only between 10:00 a.m. and 6:00 p.m., after which there are no staff onsite to receive telephone calls or make reservations for its customers. *See* Declaration of Shahin Rezvani ("Rezvani Decl."), ¶2; Exh. 1. As such, Defendant's telephone reservation system falls short of the equal accessibility requirements of the ADA.

Even if this were not the case, courts routinely decline to find that "the mere existence of the phone line and a receptionist to answer it satisfies the ADA." *See Gorecki v. Dave & Buster's, Inc.*, No. CV171138PSGAGRX, 2017 WL 6371367 at *5 (C.D. Cal. 10, 2017). This is because "[t]he ADA guarantees the disabled more than mere access to public facilities; it guarantees them 'full and equal enjoyment.'" *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012). As alleged in the FAC, Ms. Jimenez was deprived of the full and equal enjoyment of Defendant's hotel where she was unable to reserve her room on Defendant's website as a sighted person could; thus, dismissal of Ms. Jimenez's claims is not appropriate at this time. *Gorecki*, 2017 WL 6371367 at *5 (denying motion for summary judgement, or in the alternative, dismissal or stay).

Defendant's cases are inapposite and avail it nothing. Neither *Love v. Handlery Hotels, Inc.* and *Love v. Marriot Hotel Services, Inc.* involved website reservation systems: they instead dealt with claims that those hotels' websites failed to include sufficient accessibility information regarding its available rooms. *See generally Love v. Handlery Hotels, Inc.*, No. 21-CV-00850-TSH, 2021 WL 2531090 at *1 (N.D. Cal., June 21, 2021); *Love v. Marriot Hotel Services, Inc.*, 40 F.4th 1043, 1049 (9th Cir. 2022) Importantly, plaintiff in both of those cases did not "allege[] that the Hotel fails to comply with the ADA Standards" *Love*, 40 F.4th at 1049. By contrast, Ms. Jimenez *does* allege that Defendant's Website fails to comply with the ADA through her allegations that Defendant's Website is inaccessible through JAWS and other screen reading software. FAC ¶¶1, 31.

### 2. Whether the Webpage is Hosted by a Third-Party is Immaterial

Next, Defendant contends that, because it does not "operate or control" its online reservation webpage, it cannot be held responsible for accessibility issues found on that webpage as a matter of law.[1] Importantly, Defendant appears to purposefully understate its obligations when outsourcing to third-party reservation services. Regardless of who operated and controlled its reservation webpage, Defendant was still required to "make reasonable efforts to make accessible rooms available" through that webpage. 28 Code Fed. Reg. § Part 36, Appendix A. Such reasonable efforts would naturally include taking steps to ensure that its reservation webpage was ADA compliant and fully accessible by screen-reading software. Defendant's Motion appears to tacitly admit that it "merely provides a link" to its reservation webpage, without taking any steps to ensure the webpage's ADA compliance. See Mot. at 7. This apparent lack of care or compliance demonstrates precisely why Plaintiff's claims are meritorious and well-pled.

Further, this contention does not address the numerous other accessibility issues named in the FAC, many of which were present on webpages Defendant unquestionably operated and

---

[1] Additionally, Defendant's claim that it does not exercise operation or control are dubious at best. The reservation webpage includes Defendant's logo on the top left, contains links to Defendant's other webpages, and includes Defendant's physical address at the bottom. Rezvani Decl., ¶3; Exh. 2. This indicates that Defendant, at the very least, is aware of what content is displayed on the reservation webpage, as well as how that content is displayed to its customers. Regardless, this question poses a genuine dispute of fact not appropriate for resolution on a motion to dismiss.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

controlled, and which continue to prevent visually impaired individuals from fully using Defendant's Website. FAC ¶34; Arumugam Decl. ¶¶4-6.

### 3. Ms. Jimenez Clearly Alleges When She Intended to Stay at Defendant's Hotel

Finally, Defendant contends that Ms. Jimenez failed to allege *when* she intended to stay at Defendant's hotel with sufficient particularity, despite her having pled the exact month during which she intended to stay there. *See* FAC ¶25 (detailing Ms. Jimenez's efforts to book a hotel room "for an upcoming weekend getaway to Napa in January 2023."). Defendant does not even attempt to address why it believes these allegations lack specificity.

More importantly, Defendant's caselaw does not support its dubious argument: it contains no discussion of such a precise timing requirement when pleading an ADA claim. *Cota v. Ben Bridge-Jeweler, Inc.*, No. 20CV1496-LAB (RBB), 2020 WL 8483993 (S.D. Cal., Dec. 18, 2020).

## B. **Ms. Jimenez Has Adequately Pled Article III Standing**

### 4. *Defendant's Factual Attack is Procedurally Improper and Fails as a Matter of Law*

To contest a plaintiff's jurisdictional standing, a defendant may challenge jurisdiction either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence demonstrating a lack of jurisdiction on the facts of the case (a "factual attack"). *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Here, Defendant contends that it makes both a facial and factual attack through the Declaration of its accessibility expert, who claims that the accessibility barriers alleged in the FAC do not presently exist. Mot. at 9. In response, Ms. Jimenez includes with this opposition a declaration by her own accessibility expert—who has determined through testing that those accessibility barriers are still very much present. Arumugam Decl. ¶¶4-6.

Because jurisdictional fact-finding by the court "deprives litigants of the protections otherwise afforded by Rule 56," there are limits imposed upon the power of the court in reviewing a factual attack under Rule 12(b)(1). *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). Where a jurisdictional issue is separable from the merits of a case, a court applies Rule 12(b)(1)'s standards and is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, and make findings of fact concerning the existence of jurisdiction. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). However, a court may

*not* decide genuinely disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotations and citations omitted); *Rosales*, 824 F.2d at 803. In such a situation, the court assumes the truth of the allegations in a complaint unless controverted by undisputed facts in the record. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The court may grant the motion to dismiss only if, viewing the evidence in the light most favorable to the non-movant, the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Rosales*, 824 F.2d at 803; *Suzuki Motor Corp. v. Consumers Union of United States, Inc*., 330 F.3d 1110, 1131–32 (9th Cir. 2003) (*en banc*).

"The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139). This is precisely the case here: Defendant's violations of the ADA form the basis for federal subject matter jurisdiction and Ms. Jimenez's claims for relief. *See* 42 U.S.C. § 12182(a).

Ms. Jimenez's FAC alleges that Defendant failed to make its website reservation page accessible to visually impaired individuals using a screen reader, thereby denying her the goods and services offered by Defendant's hotel in violation of the ADA. *See* FAC ¶¶1, 31. The Parties have submitted dueling expert declarations to support each of their claims and defenses; accordingly, a genuine dispute of material fact exists as to the accessibility of Defendant's website. A determination at this juncture that Ms. Jimenez's allegations convey "no injury in fact" would require "deciding whether the Hotel's facilities are accessible to" Ms. Jimenez; issues which are "inappropriate to resolve at this juncture." *Gastelum v. Pavarti Hospitality Inc.*, No. 21-CV-06235-BLF, 2022 WL 2812176 at *4 (N.D. Cal., July 18, 2022) (finding that such a determination was a "factual issue going to the merits of whether the Hotel complies with ADA accessibility requirements" and rejecting defendant's challenge to plaintiff's Article III standing)

Even if this were not the case, Defendant's argument still fails as a matter of law. Assuming *arguendo*, that Mr. Davis's expert declaration is correct, his conclusions are limited temporally to the time he conducted his testing. Mr. Davis does not and cannot conclude that Ms. Jimenez could

not have encountered the accessibility issues alleged in the FAC at the time she attempted to make her hotel reservations in October and November 2022. Nor can Mr. Davis conclude that the Website will not manifest those same accessibility issues in the future. In other words, all Mr. Davis's declaration suggests is that at some point after Ms. Jimenez visited the Website, Defendant voluntarily remediated the accessibility issues alleged in the FAC for a certain timeframe. However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite*, 455 U.S. at 289 (1982); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC) Inc.*, 528 U.S. 167, 190 (200) ("a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur"). Thus, even if Defendant's Website was complaint after the FAC's filing, Defendant would still not have met the burden. See *Johnson v. SSR Grp., Inc.*, No. 15-cv-5094-MEJ, 2016 WL 3669994, at *4 (N.D. Cal. July 11, 2016) ('While laudable, these voluntary remediation efforts are not structural in nature and could easily reoccur despite Defendant's best intentions."); *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1193 (N.D. Cal. 2007) (finding that accessibility improvements made to the Target website subsequent to the filing of plaintiffs' complaints did not render their claims moot.) Indeed, testing conducted by Ms. Jimenez's accessibility expert within the last week confirms that the same accessibility issues she encountered in October and November 2022 (if they were indeed remediated afterwards) have since reappeared. Arumugam Decl. ¶¶4-6.

As Defendant's factual attack fails, so too does its facial attack. This Court continues to accept all allegations in the FAC as true and draw all reasonable inferences in favor of Ms. Jimenez at this stage of the litigation. *Roberts*, 812 F.2d at 1177; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

   5. *Ms. Jimenez Has Pled a Concrete and Particularized Injury*

Ms. Jimenez's FAC contains clear allegations that she suffered an injury in fact that is (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical. *Friends of the Earth, Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

560–61 (1992)). Specifically, the FAC states that Ms. Jimenez desired to book one of Defendant's hotel rooms on its website but encountered accessibility issues that prevented her from doing so. FAC ¶¶25, 30, 32-33. These allegations are vastly different than those dismissed in *Downing v. SBE/Katsuya USA, LLC,* whose plaintiff failed to allege that she sought specific goods from Defendant, or even that she intended to place an online order with Defendant *at all*. *Downing v. SBE/Katsuya USA, LLC,* No. 221CV06058ODWKKX, 2022 WL 1016665 at *3 (C.D. Cal., Apr. 5, 2022). To be sure, the FAC expressly alleges that Ms. Jimenez specifically sought a hotel room from Defendant, and that she would have booked that hotel room on Defendant's Website had it been accessible to her. FAC ¶¶24, 30.

> These allegations, standing alone, are sufficient to confer Ms. Jimenez with standing: "Once a disabled individual has encountered or become aware of alleged ADA violations that deter [her] patronage of or otherwise interfere with [her] access to a place of public accommodation, [she] has already suffered an injury in fact traceable to the defendants conduct and capable of being redressed by the courts, and so [she] possesses standing under Article III […]."

*Chapman*, 632 F.3d at 947 (9th Cir. 2011) (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008).) Additionally, Ms. Jimenez's injury is concrete and particularized: she alleges that she was affected by Defendant's misconduct in "a personal and individual way." *Lujan*, 504 U.S. at 560 n.1; *see also Pickern v. Holiday Foods*, 293 F.3d 1133 (9th Cir. 2002) ("In the context of the ADA, we understand that to mean that [plaintiff] must [herself] suffer an injury as a result of [defendant's] noncompliance with the ADA."); FAC ¶¶32, 37-38.

Defendant's arguments otherwise fall flat. As stated *supra*, Defendant's factual attack both is procedurally improper, and fails as a matter of law. Likewise, as Ms. Jimenez's injury occurred the moment that she became aware of the Website's ADA violations: whether Defendant's Website contained links to its contact information or its ADA policy that she could have accessed after she encountered the accessibility barriers is *irrelevant*.

   *6. Ms. Jimenez Has Pled Her Intent to Return*

As a general matter, the Ninth Circuit has adopted a "broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Doran*, 524 F.3d 1034, 1039-40 (9th Cir. 2008)

(citing *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)). Accordingly, the Ninth Circuit has clearly held that "[a]lleging a desire to visit the accommodation if it were made accessible is sufficient for standing." *Kong*, 2019 WL 3220022 at *2 (citing *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).)

While Defendant contends that Ms. Jimenez was required to allege that she visited its hotel in the past, or that she has some connection to the Napa Valley area in general, such allegations are not required for a plaintiff to establish standing under the ADA. *Civil Rights Educ.*, 867 F.3d at 1099. Instead, a plaintiff need merely allege "that they intend to visit the relevant hotel[], but have been deterred from doing so by the hotel['s] noncompliance with the ADA," and that "they will visit the hotel[] when the non-compliance is cured." *Id.* Again, this is precisely what Ms. Jimenez has pled. FAC ¶¶32-34, 41. Ms. Jimenez's allegation are far from the vague, "some-day" allegations dismissed in Defendant's cases.[2]

*7. Ms. Jimenez Has Pled Deterrence*

"A disabled individual also suffers a cognizable injury if [s[he is deterred from visiting a noncompliant accommodation because [s]he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. The Ninth Circuit has stated that an ADA plaintiff need only show that they have "actual knowledge" of an accessibility barrier that deters their use of the establishment to establish deterrence. *Civil Rights Educ.,* 873 F.3d at 1098. Here, Ms. Jimenez alleged her actual knowledge throughout the FAC by alleging that the Website's accessibility barriers deterred her from booking a hotel room. FAC ¶¶32-34. These allegations are more than sufficient to support standing, regardless of any improper factual challenge mounted by

---

[2] Defendant's cases are again inapposite or outright irrelevant. *Molski v. Kahn Winery* pre-dates *Civil Rights Educ.* and was dismissed because its plaintiff "expressed no preference for the wines at Kahn Winery," whereas Ms. Jimenez pled that she continues to consider Defendant's hotel a "must stay location in Napa." *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005); *see also* FAC ¶41. *Gastelum v. TJX Companies, Inc.* held that its plaintiff *did* allege an intent to return because he alleged—as Ms. Jimenez has here—an intent to visit to a specific store location and *denied* its defendant's motion to dismiss. *Gastelum v. TJX Companies, Inc.*, No. 21-CV-06714-VKD, 2023 WL 411345 at *8 (N.D. Cal. Jan. 25, 2023). Finally, neither *Lujan v. Defenders of Wildlife* nor *Summers v. Earth Island Institute* adjudicated the ADA at all, contrary to Defendant's representation to this Court that they involved an "ADA plaintiff." Mot. at 11; *see generally Lujan*, 504 U.S. 555; *Summers v. Earth Island Institute*, 555 U.S. 488 (2009).

Defendant's Motion. *See Cervantes v. 546 Holding Co.,* LLC, No. 222CV00980JAMKJN, 2023 WL 2354752 at *2 (E.D. Cal., Mar. 2, 2023) (denying motion to dismiss). *Cervantes* is instructive here. Like in this instant action, the *Cervantes* case involved dueling expert declarations as to whether its defendant's website contained accessibility barriers. The *Cervantes* court found that those dueling expert declarations created a genuine dispute of material fact, and as a result, plaintiff's allegations sufficiently "established standing under the deterrence theory." *Id.* at *3.

Additionally, Defendant questions the legitimacy of Ms. Jimenez's deterrence because she attempted to use the Website for booking on two separate occasions, claiming that she could not have reasonably believed that the Website became accessible after her first visit. Mot. at 12. The issues with this argument are twofold. First, Defendant provides no basis for this presumption, which is particularly baffling given that it is well known that website accessibility barriers are far less structural and remediated with far less effort than physical ones. *See Target*, 582 F.Supp.2d at 1193. It is entirely reasonable for Ms. Jimenez to have attempted booking Defendant's Website on more than just one occasion—and no doubt had she not done so, Defendant would contend that she was unreasonable for *not* trying again. Second, the lone case Defendant cites for this wholly conclusory proposition is inapposite. *Johnson v. Garlic Farm Truck Ctr.* did not involve website accessibility barriers: that case instead concerned numerous *physical* accessibility barriers impeding access. *Johnson v. Garlic Farm Truck Ctr.*, No. 20-CV-03871-BLF, 2021 WL 2457154 at *1-2 (N.D. Cal., June 16, 2021). Most importantly, the *Johnson* plaintiff failed to allege that those barriers outright *prevented* him from accessing the business, but rather that they merely caused him "difficulty and discomfort." *Id.* On the other hand, Ms. Jimenez has alleged that the Website's accessibility issues *fully* and *entirely* prevented her from accessing Defendant's hotel.

8. *Ms. Jimenez Has Pled a Real and Immediate Threat of Future Injury*

"A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility." *Civil Rights Educ.,* 873 F.3d at 1098 (citing *Chapman*, 631 F.3d at 953.) "So long as the discriminatory conditions continue, and so long as plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Civil Rights Educ.,* 873 F.3d at 1099 (citing *Pickern*, 293 F.3d at 1135). As Ms. Jimenez has

sufficiently pled her intent to return to Defendant's hotel, she has also sufficiently pled a threat of future injury.

Defendant's arguments to the contrary are repetitive and have already been addressed. Ms. Jimenez has alleged that she specifically chose Defendant's hotel based on attributes which "set it apart from others"—such as its "location in downtown Napa, interior design, amenities, and price." FAC ¶24. For these reasons and others, Ms. Jimenez continues to consider Defendant's hotel a "must stay location in Napa," and she intends to book a room at Defendant's hotel once the website becomes ADA accessible. FAC ¶41. These allegations are far away from the type of "conclusory allegations […] devoid of any supporting facts indicating a preference to return to the Hotel" dismissed in *Jimenez v. Doryman's Inn, Inc*, No. 822CV01541DOCADS, 2023 WL 4291448 at *6 (C.D. Cal., Mar. 29, 2023).[3] Ms. Jimenez has clearly alleged her intent to book a hotel room through Defendant's Website, and as such, she has pled a real and immediate threat of future injury.

C. **This Court Should Exercise Supplemental Jurisdiction Over the Unruh Act Claim**

Because the Unruh Act has "adopted the full expanse of the ADA," the same "standards for liability apply under both Acts," such that "a violation of the ADA is, per se, a violation of the Unruh Act." *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); *see also* Cal. Civ. Code § 51(f). Where, as here, state law claims involve identical facts to the federal claim, "judicial economy, convenience, and fairness to litigants all favor exercising supplemental jurisdiction." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Because the nature of Ms. Jimenez's claims are, for all intents and purposes, identical under the ADA and the Unruh Act, exercising supplemental jurisdiction here would not involve any novel or difficult question of state law. Nor does Ms. Jimenez's Unruh Act claim predominate over her ADA claim. "[T]he mere fact that the state claims allow for the recovery of monetary damages, whereas the ADA provides for injunctive relief only, does not compel

---

[3] Defendant's remaining caselaw are the same as addressed in FN2 of this Opposition and are inapposite for the same reasons.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the conclusion that state claims 'substantially predominate' over the federal claim." *Moore v. Dollar Tree Stores, Inc.*, 85 F.Supp.3d 1176, 1994 (E.D. Cal. 2015).

Defendant erroneously cites *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), in arguing that this Court should decline to exercise supplemental jurisdiction. However, the comity concerns identified by the Ninth Circuit in *Arroyo* extend only to construction-related accessibility claims and do not apply to other ADA claims such as Ms. Jimenez's. *See Patterson v. Six Flags Theme Parks, Inc.*, No. 2:21-CV-02398-KJM-AC, 2023 WL 121881 at *6 (E.D. Cal. Jan 6. 2023) (refusing to dismiss and retaining supplemental jurisdiction over plaintiff's Unruh Act claims). As Ms. Jimenez has established Article III standing to sue Defendant for violation of the ADA, the interests of judicial economy, convenience, and fairness all favor this Court exercising supplemental jurisdiction over her identical Unruh Act claim.

## IV.  CONCLUSION

For all the foregoing reasons, and each of them, the Court should deny Defendant's Motion *in toto*. Should the Court grant the motion in any respect, however, Jimenez respectfully requests leave to amend.

DATED: July 12, 2023                                              **WILSHIRE LAW FIRM, PLC**

By: */s/ Shahin Rezvani*
     Shahin Rezvani, Esq.
     *Attorneys for Plaintiff Flor Jimenez*