UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ,<br><br>   Plaintiff,<br><br> v.<br><br>R INN NAPA INC,<br><br>   Defendant. | Case No. 22-cv-07790-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

   The motion to dismiss is denied. An answer is due within 14 days of this order. An initial case management conference is scheduled for October 13, 2023, at 10:00 a.m., with the case management statement due on October 6, 2023. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

   *Failure to state a claim.* Jimenez plausibly states an ADA claim. She alleges that she is visually impaired and uses screen-reading software to navigate the internet. She alleges that she tried to book a stay at R Inn Napa—a place of public accommodation, *see* 42 U.S.C. § 12181(7)(A)—through the hotel's website. And she alleges that the website was not screen-reader compatible, making it difficult for her to access services offered at the hotel's physical location. The alleged coding flaws, Jimenez explains, prevented her from browsing the hotel's accommodations options and from making a reservation. *See* Dkt. No. 19 ¶¶ 25–34. Taken as true, these allegations satisfy the basic elements of an ADA claim—including the special "nexus" requirement for website-accessibility claims. *Jimenez v. Doryman's Inn, Inc.*, 2023 WL 4291448, at *3–4 (C.D. Cal. Mar. 29, 2023); *see also Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019).

R Inn Napa argues that it met its obligations under the ADA because Jimenez could have booked a stay by calling the hotel, emailing, or requesting a room in person. For support, the hotel cites a DOJ guidance explaining that public accommodations can avoid ADA liability for website-accessibility defects by offering "an accessible alternative," such as a staffed phone line. 28 C.F.R. pt. 36, app. A; *see also Kohler v. Presidio International, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015). But, as that guidance elaborates, these alternatives must provide an "equal degree of access in terms of hours of operations." 28 C.F.R. pt. 36, app. A. And neither R Inn Napa's email nor its on-site front desk nor its 10-a.m.-to-6-p.m. hotline provides the same level of access that its 24/7 website does. *See id.*

R Inn Napa also argues that it outsources booking to a third-party reservation service and can't be held liable for access barriers encountered on a third-party website. But it is not obvious from the face of the complaint that Jimenez's allegations are specific to the third-party website. It is reasonable to infer that at least some of her allegations refer to issues with R Inn Napa's own website. For instance, Jimenez alleges that, even before she reached the booking webpage, she had trouble browsing the different accommodations offered at R Inn Napa's physical location. *See* Dkt. No. 19 ¶¶ 27–28. This allegation alone is enough to satisfy the nexus element. *See Reed v. CVS Pharmacy, Inc.*, 2017 WL 4457508, at *3 (C.D. Cal. Oct. 3, 2017).

*Standing.* Jimenez has standing to seek an injunction. She alleges that she would like to stay at R Inn Napa's hotel given its location, interior design, amenities, and price. *See Strojnik v. Orangewood LLC*, 2020 WL 11192872, at *10 (C.D. Cal. Jan. 22, 2020). But knowledge of the website's alleged access barriers, she claims, has deterred her from using the website to make a reservation. That is enough to satisfy Article III. *Cervantes v. 546 Holding Co., LLC*, 2023 WL 2354752, at *2–3 (E.D. Cal. Mar. 2, 2023); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949–50 (9th Cir. 2011) (en banc).

R Inn Napa disputes whether Jimenez has suffered an injury at all. The access barriers alleged in the complaint, R Inn Napa insists (and its expert corroborates), do not exist. But whether the website is screen-reader compatible *now* is largely beside the point. A website that is

ADA compliant now may not have been compliant in the past (establishing standing for damages) and might fall out of compliance in the future (potentially justifying injunctive relief). *See Brooks v. Lola & Soto Business Group, Inc.*, 2022 WL 616798, at *5–6 (E.D. Cal. Mar. 2, 2022); *National Federation of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1193 (N.D. Cal. 2007).

Moreover, whether Jimenez's allegations are accurate is not something that can be resolved at this stage of the case, at least on this record. Because R Inn Napa's attack on the truthfulness of Jimenez's allegations goes to the merits of her claims, its motion to dismiss for lack of subject-matter jurisdiction must be treated as a motion for summary judgment on the merits. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014); *Safe Air for Everyone v. Meyer*, 373 F.3d 1036, 1039–40 (9th Cir. 2004); *see also Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1057 n.2 (9th Cir. 2023). But R Inn Napa is not entitled to judgment as a matter of law, at least on this record. One party's expert maintains that the website still suffers from serious accessibility problems, *see* Dkt. No. 25-1; the other party's expert insists that those problems do not exist, *see* Dkt. No. 27-1. Neither side has given the Court reason to preclude the testimony of the other's expert, so as of now there is a factual dispute that would seem to require a trial.[1]

*Supplemental jurisdiction.* There is no compelling reason to decline supplemental jurisdiction over the Unruh Act claim. *See* 28 U.S.C. § 1367(c). The state claim does not predominate over the federal one, because both rest on the same alleged violation and involve "nearly identical facts, witnesses, and evidence." *Castillo-Antonio v. Hernandez*, 2019 WL 2716289, at *7 (N.D. Cal. June 28, 2019); *see also Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1096 (C.D. Cal. 2011).

Nor does this case present the sort of exceptional circumstances that warrant dismissing

---

[1] R Inn Napa also requests that the Court judicially notice Jimenez's litigation history. That request is denied. Standing doctrine is not a tool to "keep meritorious ADA cases out of federal courts simply because they are brought by serial litigators." *Langer v. Kiser*, 57 F.4th 1085, 1099 (9th Cir. 2023).

3

the state claim. Exercising supplemental jurisdiction over the Unruh Act claim would not let Jimenez evade special state procedural rules. Those additional requirements attach only to "construction-related" accessibility claims. Cal. Code Civ. Pro. § 425.50; *see also Arroyo v. Rosas*, 19 F.4th 1202, 1210–14 (9th Cir. 2021). But Jimenez's claims are based on accessibility violations "related to an internet website." Statutory context suggests that those are not the same thing. *See* Cal. Civ. Code §§ 55.32(b)(2)(B)–(C) (distinguishing the two); *cf.* Cal. Code. Civ. Pro. § 425.50(a)(4)(A)(iii) (requiring high-frequency litigants bringing "construction-related" accessibility claims to plead "the reason the individual was in the geographic area of the defendant's business"). And the state's commission on disability access agrees. *See* California Commission on Disability Access, 2022 Annual Report to the Legislature 8–9 (2023), https://perma.cc/2AHF-8A5K (describing website violations as "non-construction-related"). Accordingly, this Court disagrees with those that have declined to exercise supplemental jurisdiction over Unruh Act claims in ADA cases relating to website accessibility. *See, e.g.*, *Cota v. Sushi Ota Inc.*, 2021 WL 108640, at *2 (S.D. Cal. Jan. 11, 2021); *Brooks v. Tapestry, Inc.*, 2023 WL 2025024, at *7 & n.5 (E.D. Cal. Feb. 15, 2023).

**IT IS SO ORDERED.**

Dated: September 20, 2023

VINCE CHHABRIA
United States District Judge